Green, J.
delivered the opinion of the court.
This is a bill to enjoin a judgment recovered in the Hamilton Circuit Court, on a note for $1800, payable at the S. W. R. R. Bank, upon which the complainant’s name appeared as an endorser. The bill alledges, that the endorsement of his name is a forgery, and that the complainant resides in Marion county, and in the spring of 1841, the time the summons purports to have been served, was sick for many months, and unable to attend to any business. And if the summons was served, he has no recollection of it, did not know the suit was pending, employed no counsel, and made no defence; and, therefore, judgment was rendered against him in the court at law, upon an endorsement which he never made or authorized.
There are many depositions in this record, tending to prove, that the endorsement of the note, on which the judgment at law was obtained, was not made by the complainant.
It is proved that the note was made at Chattanooga, the 2d *41 of December, 1S39, and several depositions prove, that at that time the complainant was in Columbus, Georgia, with a drove of stock. Other witnesses, neighbors of the complainant, prove that he was absent from home at tbat.time. Many witnesses prove that the name of the complainant, on the back of the note, is not in his hand writing.
The only proof introduced by the defendant on this subject, is a letter from the complainant to Miller Francis, after the judgment was obtained, and soliciting his good, offices with the Bank, and the Attorney of the Bank, to suspend the execution against him, and to adopt means to make the money out of the other parties. In this letter the complainant says, he endorsed the note for the benefit of others. Subsequently to this letter this bill was filed, denying on oath the said endorsement.
It is certainly true that the admission in this letter is evidence ofthefactof the endorsement, and in the absence of other proof, would satisfactorily establish the fact. But the admission of a party, of a fact, is not conclusive upon him. He may establish by other testimony, that the fact so admitted, did not exist. In such case, to-be-sure, the proof must be full and unquestionable. But when it is so, the admission of a party yields to the opposing proof, as any other évidence would do.
In this case the proof is so full and satisfactory, that it is not the complainant’s endorsement; and the witnesses are so numerous, and the character of their testimony so various and full, that whatever suspicion may rest upon some of them, we cannot doubt that the endorsement was not made by the complainant.
It is probable the letter was written at a time when strong-hopes were entertained that the money might be made from the other parties to the note, and under the influence of a natural reluctance to assert a forgery, that would implicate a near relative. Besides it was not addressed to the defendant or any of its agents, nor does is contain any proposition to the defendant. He is merely stating to a friend the hardship of the case, and in doing so, he sáys, “I endorsed the note for the benefit of others.” The character of the admission, therefore, is not a solemn one, made under circumstances, calculated to exact *42 precision of language. Upon the whole, we are satisfied that, if the complainant had defended the suit at law, no judgment could or should have been obtained against him.
In the case of Kearney & Moore vs. Smith & Jackson, 3 Yerg. R. 127, this court held, upon full consideration and review of the authorities, that “a party will not be aided by a court of chancery, after a trial at law, unless he can impeach the justice of the verdict, on grourids of which he could not have availed himself at law, or was prevented from doing it by fraud, or accident, or the act of the opposite party, unmixed with negligence or fault on his part.” This principle, thus first announced by this court in 1832, has never been departed from, but on the contrary has been re-affirmed in many subsequent cases.
It is true this court holds, Galbrath vs. Martin & Findly, 5 Hump. R. 50, that if the defence were of such character, that a court of equity would have had original jurisdiction, concurrently with a court of law, the neglect of a party to avail himself of his defence at law, will not oust the'jurisdiction of chancery, if the defendant neglect to demur, and answer over to the merits. But if the defence were purely legal, and in its nature unfit for equity jurisdiction, the defendant to the bill may insist upon the want of jurisdiction at the hearing, though he may not have demurred.
And such is this case; the defence was purely legal, and although the defendant has answered over to the merits, it is still incumbent on the complainant to show that he was prevented from making his defence by accident, without fault on his part.
The evidence of several witnesses proves, that in the spring of 1841, the complainant was sick, and confined for many weeks, so that, in their opinion, he was unfit to do business.
John Klipper, a witness, states, that he had business with the complainant in the spring of 1S41, and on visiting him found him sick, in such a condition as to be disqualified from doing business, so that the witness left without mentioning his own business.
Other witnesses, neighbors of the complainant, testify to the like facts, and that his sickness continued so long as to include the period within which the summons in this case was served.
*43 We have no doubt but the complainant was sick at the time of the service of the process; our only difficulty has been, whether the evidence justifies the conclusion, that he was in such a condition as not to know it had been served, or if he knew it, was not in a condition to remember it, and act upon it when he got well. For. although he might have been sick when the writ was served, if afterwards, when able to attend to business, he knew of the existence of the suit against him, he was bound to have defended himself in the court of law.
• Upon this subject the proof is not as satisfactory as could be desired; but as the writ was only a summons, to make known the existence of the suit, requiring no act to be done when it was served, calculated to impress the memory with the fact of service, and as the proof is clear, that the defendant was sick, so that one witness would not mention his business in that condition, it may be inferred he was not able to know afterwards that the suit existed against him. We are the more inclined to this view of the subject, because the question of fact does not relate to the merits of the controversy, but only to the power of a Court of Chancery to take jurisdiction of the case, and the same certainty of proof is not required to establish an excuse lor not making the defence at law, that would be demanded to establish the existence of that defence.
Upon the whole, we affirm the decree, and enjoin the judgment.